UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cassandra Richards,
*Administrator of the Estate of Deceased* Dakota James Embry,

Plaintiff,

v.

Sheriff Mark Wasylyshyn, et al.,

Defendants.

Case No. 3:24-cv-955

ORDER

Defendants Southern Health Partners, Inc. ("SHP"), Kendra Smith, LPN, and Michelle Ibarra, RN (collectively "SHP Defendants") have filed a motion to seal Exhibits 2 and 3 to their motion for summary judgment. (Doc. No. 75). Defendants allege these Exhibits should be sealed because both are medical records, which "contain Plaintiff's decedent's HIPAA protected health information." (*Id.*). I agree.

"The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). But the Sixth Circuit has also recognized exceptions to the public's right to access including a "content-based" exception developed to protect "certain privacy rights of participants." *Brown & Williamson*, 710 F.2d at 1179.

Relevant here, "[s]ealing [the decedent]'s medical records and private health information is in accordance with the strong policy of HIPAA and Ohio Revised Code Section 2317.02(B) of

protecting patient information." *Cluck v. Unum Life Ins. Co. of Am.*, No. 2:18-CV-56, 2019 WL 6310058, at *2 (S.D. Ohio Nov. 25, 2019); *see also* 45 U.S.C. § 164.502(f) (requiring HIPAA compliance for "protected health information of a deceased individual for a period of 50 years following the death of the individual"). This strong policy and Plaintiff's interest in non-disclosure of the decedent's medical records outweigh any public interest in access to the records themselves, even if the case might be of some public interest. Further, because the entirety of both Exhibits 2 and 3 contain the protected information, I conclude sealing both Exhibits in whole "is no broader than necessary." *Shane Grp., Inc.*, 825 F.3d at 306. Therefore, I direct the Clerk to designate Exhibits 2 and 3 as sealed. (Doc. Nos. 73-2 & 73-3).

In the course of deciding this motion, it was discovered that Exhibits 4 and 7 to the SHP Defendants' motion for summary judgment contain personal identifiers. (Doc. Nos. 73-4 & 73-6). Balancing the interest in disclosure of these Exhibits against the public's right to access, and mindful that the seal must be "no broader than necessary," *Shane Grp., Inc.*, 825 F.3d at 306, I direct the Clerk to designate Exhibits 4 and 7 as sealed, (Doc. Nos. 73-4 & 73-6), but order the SHP Defendants to file a redacted copy of Exhibits 4 and 7 on the public docket no later than September 25, 2026.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge